The appellant here, David Rothacker, has been convicted of two counts of disorderly conduct for incidents arising out of circumstances which occurred at the Parkside Middle School on November 18, 1996 and December 16, 1996.
The November 18, 1996 incident began while Rothacker registered his daughter, Lisa, for school. As Julie Milkie, one of the teachers, approached Lisa, he "called her several names, including a bitch and an asshole, and * * * he stated, `stay away from her'". Julie Milkie testified he said, "or else", but no other witness heard this alleged utterance. Nonetheless, the trial court found this testimony to be credible.
This incident resulted in court findings of guilt on charges of menacing and disorderly conduct.
Disorderly conduct as charged here alleges that on November 18, 1996, Rothacker caused inconvenience, annoyance, or alarm to another by making unreasonable noise, offensively coarse utterance or communicating grossly abusive language to any person which by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace.
Nothing about the confrontation or the statements suggests that Rothacker's utterances inflicted injury or tended to incite an immediate breach of the peace. The majority concludes its analysis by finding evidence to support his conviction under "in threatening harm to persons * * *" This is where the majority and I disagree because Rothacker has not been charged with that section of the ordinance. Even the trial court based his guilt on findings that, "he got `right in my face'", and Milkie's testimony that he frightened her. The trial court concluded that Rothacker, "stepped beyond the bounds of protected speech and into an area where his words and conduct threatened physical harm to Ms. Milkie." (Emphasis added.) This, however, is not the charge he faced. Here, the prosecution had a burden to prove beyond a reasonable doubt that the words uttered by Rothacker inflicted injury or tended to incite an immediate breach of peace. The trial court never made such a finding and the evidence does not support such a conclusion.
Likewise, the December 16, 1996 incident again occurred at Parkside school when Rothacker approached Milkie calling her. an "evil bitch" and warning, "bitch, better watch out." This conduct also resulted in a verdict of guilty of disorderly conduct — again based on the court's findings that it caused Milkie "tremendous alarm", that he was much larger than she, and her response that he was threatening and frightening her. However, these are not the charges Rothacker faced. Again, the majority has affirmed his conviction for an offense with which he had not been charged.
Finally, regarding the November 19, 1996 menacing charge, the prosecutor alleged that Rothacker did cause another to believe that the offender would cause physical harm to the person or property of such other person or member of his immediate family.
The only evidence of this charge stems from the words allegedly uttered by Rothacker for Milkie to stay away from his daughter, "or else". (Emphasis added.) Here, the trial court found Milkie took security precautions and here, I believe, the evidence supports the conviction for menacing.
For the foregoing reasons, I would vacate the conviction for disorderly conduct but would affirm the conviction for menacing.